# Wester *v.* The State.

*Selling Choking Horse.*

(Decided June 30, 1907. 41 So. Rep. 969.)

1. *Constitutional Law; Police Power; Fraud.*—Section 4762 of Code of 1896 is not violative of the constitutional guaranty to every person of the right to enjoy, use, and dispose of his property, it being for the prevention of fraud and a proper exercise of the police power.

[Wester v. The State.]

2. *Indictment; Fraud; Elements of Offense.*—The purpose of Section
    4762, Code of 1896, being the prevention of fraud, an indictment
    thereunder should allege that the sale was made or the ex-
    change had with intent to defraud.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Defendant was indicted and tried for selling or trad-
ing a horse commonly called a "choker." The pleadings
and the facts of the case are sufficiently stated in the
opinion of the court.

C. DANIEL and H. H. WHITE, for appellant.—The
statute under which this indictment is drawn is uncon-
stitutional.—*DeArman v. State,* 34 Ala. 239. The un-
controverted evidence shows that the disease of choking
is not a contagious disease, and hence, does not fall with-
in the police powers of the State.—*Chicago v. Netcher,*
(Ill.) 75 Am. St. Rep. 93. The indictment is fatally de-
fective in not charging the defendant with selling the
horse with intent to injure or defraud.—*Ben v. State,* 22
Ala. 9; *Miles v. State,* 94 Ala. 106; *Stein v. State,* 37
Ala. 123; *Grattan v. State,* 71 Ala. 344; *Rivers v. State,*
97 Ala. 72.

The court erred in refusing to give charges 1, 2, and
3.—Authorities supra.

MASSEY WILSON, Attorney General, for State.— (No
brief came to the Reporter.)

DOWDELL, J.—The indictment in this case was pre-
ferred under section 4762 of the Criminal Code of 1896.
This section is as follows: "Any person, by himself, or
another, or as agent for another, who shall knowingly
sell or exchange any horse or mule subject to the disease
or affection known as 'choking' must, on conviction, be
fined not less than one hundred, nor more than five hun-
dred dollars, and may also be sentenced to hard labor for
the county for not less than three, nor more than six
months; one-half of the fine shall go to the party injured.
For each conviction under this section, the solicitor shall

[Wester v. The State.]

be entitled to a fee of fifty dollars. Justices of the peace shall have concurrent jurisdiction with the circuit and city court of offenses arising under this section."

The indictment in terms pursued the language employed in the statute, without averment, in charging the offense; that is to say, it merely charged that the defendant "knowingly sold to R. F. Ewing a mule subject to the disease or affection known as 'choking.' "

There are two questions presented by the record for our consideration, the first going to the constitutionality of the statute, and the second to the sufficiency of the indictment in its averments. It is insisted by counsel for appellant that the statute is violative of the constitutional guarantee that gives every person the right to enjoy, use, and dispose of his property. If the statute were nothing more than an arbitrary prohibition on the sale by one of his property, then there would be no doubt as to its being unconstitutional, and without legislative competency. We recognize and approve what was said in Dorman v. State, 34 Ala. 239, cited by counsel. It is not here denied that the legislature may, in the proper exercise of the police power of the state, regulate or prohibit the sale of personal property when the morals, health, or general welfare of the people require it. But, it is insisted that inasmuch as the undisputed evidence shows that the disease or affection known as "choking" is not a contagious disease, there is no room for the exercise of the police power of the state so as to save the statute from offending against the constitutional right of the citizen in the guarantied enjoyment, use and disposition of his property. In this insistence, the room for the exercise of the state's police power is made too narrow and circumscribed. Certainly it is as much within the police power to prevent imposition and fraud in the sale of personal property as it is to regulate or prevent the sale of animals infected with contagious disease. If the purpose of the statute in question was the prevention of fraud, then it was clearly within legislative competency as an exercise of the state's police power, and not violative of any constitutional right of the citizen. Was this the purpose of the statute?

[Wester v. The State.]

The statute in question, section 4762, is found in chapter 154 of the Code of 1896, the subject of which chapter is "Frauds." Article 2 of said chapter and which includes section 4762 is headed "Fraudulent conveyances and illegal disposition of property on which another has a claim." Section 4762 was brought forward from the Criminal Code of 1886, in which latter Code it is to be found as section 3839. It appears that this section 3839 of the Code of 1886 was added by the joint committee, as shown by marginal note, and in this way became a law at the time of the adoption of the Code of 1886. In that Code the section is found in article 6 of chapter 4, which has for its subject "Fraudulent Conveyances," etc. We think from the history of the statute, the mode and manner in which it was adopted into the Code, that the manifest purpose in the enactment of the law was the prevention of fraud. This being true, from what we have above said, the statute as an exercise of the police power of the state is free from constitutional objections.

This brings us to a consideration of the second question; that is, as to the sufficiency of averments in the indictment. The general rule is that it is sufficient in making a criminal charge to follow the words of the statute which declares the offense, but this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense. The defendant has the constitutional right to demand the nature and cause of his accusation, so that he may identify the particular charge and offense.—Mayfield's Dig. § 421 et seq., pp. 445, 446. The purpose of the statute being the prevention of fraud, fraud becomes a constituent element of the offense. The indictment, therefore, was defective in falling to aver that the offense charged was committed with the intent to defraud. The demurrer to the indictment should have been sustained. For the error committed by the trial court in overruling the demurrer, the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON, TYSON, and ANDERSON, JJ., concur. SIMPSON and DENSON, JJ., dissent.