309 So.2d 844

Jerome **BOWENS**

v.

**STATE.**

**I Div. 501.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

Frankie Fields Smith, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This is an appeal from a conviction of a violation of Title 14, Section 374(20), Code of Alabama 1940, Recompiled 1958, with sentence fixed at ten years imprisonment.

Appellant apparently filed a motion to dismiss the indictment and/or inspect the

grand jury minutes. This motion does not appear in the record, although referred to by the court and attorneys several times. We cannot pass on the questions supposedly raised thereby without the motion before us.

However, both the State and appellant have argued the motion in briefs and, of course, we have the indictment which is part of the record before us.

The charging part of the indictment is as follows:

"Jerome Bowen . . . . . . . . .," did unlawfully assault Milton Mills, Jr., a law enforcement officer of the Police Department of the City of Mobile, Alabama, a political subdivision of the State of Alabama, with a pistol, a deadly instrument, while said officer was engaged in the active discharge of his lawful duties, against the peace and dignity of the State of Alabama."

We may observe in our opinion the indictment does not contravene the rules laid down in Mitchell v. State, 248 Ala. 169, 27 So.2d 36; Title 15, Section 232, Code of Alabama 1940, Recompiled 1958, as insisted by appellant.

To quote from Mitchell v. State, supra, "There is a line of cases in this state which declares the general rule that an indictment which substantially follows the language of the statute is sufficient. But it is equally well settled that this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense."

In our opinion the indictment substantially follows the language of the statute, which creates the offense.

The principle referred to in the quotation from Mitchell v. State, supra, is further set out in Jones v. State, 50 Ala.App. 541, 280 So.2d 801 that "Where the indictment uses the language of the statute which creates a new crime unknown to the common law, this ordinarily is sufficient to

support a judgment of conviction of that offense." (See also late case of Haynes v. State, 293 Ala. 221, 301 So.2d 208.)

The general rule as to the sufficiency of an accusation to meet the requirements of Article 6, Alabama Constitution 1901 is set out in Adkins v. State, 51 Ala.App. 552, 287 So.2d 447 as follows:

"(1) To show the defendant what he should prepare to defend against; (2) to identify the charged offense so that he may be tried for the same charge which was laid before the grand jury; (3) that the judgment (to some degree) may afford some protection against double jeopardy; and (4) to give the court, after conviction, means to accept (or reject) the verdict, pronounce judgment and pass sentence."

A consideration of these cases as applied to the instant case convinces us that the indictment meets the test as laid down therein and the indictment is not subject to the objections made by appellant.

In exercising his right under Title 30, Section 52, Code of Alabama 1940, Recompiled 1958, to examine prospective jurors as to their qualifications, interest, or bias that would affect the trial of the case, the appellant requested the court to ask 78 written questions which were presented to the court for that purpose. The court queried the jury as to the vast majority of the questions but refused to ask some as shown by the record of the proceedings. The entire group of questions together with the colloquy between the court, the jury, and counsel for appellant with regard to this matter is in the record and has been carefully examined by the court.

It is familiar law that the extent and scope of this examination lies largely within the broad discretion of the trial court. Fletcher v. State, 291 Ala. 67, 277 So.2d 882; Hawes v. State, 48 Ala.App. 565, 266 So.2d 652 and (innumerable other cases setting out this principle of law).

Having due regard to the application of this rule of law to the action of the court in this particular case, we are of the opinion that there is no abuse of discretion shown and there was no error in the refusal of the court to ask the questions shown by the record to have been refused, nor in any remark made with regard thereto in the presence of the jury.

It further appears to the court that nowhere in the record do we find that the appellant requested permission of the court to examine the venire under the court's direction in conformance with the procedure set out in Section 52, supra.

█ The motion to inspect the grand jury minutes was properly overruled by the court in the absence of a showing that there was no legal evidence before the grand jury to procure the indictment, and under such circumstances appellant may not inquire into the nature and character of other evidence offered before the body, if for the purpose of attacking the validity of the indictment. Loyd v. State, 43 Ala. App. 199, 186 So.2d 725.

According to the State's evidence Officer Milton Mills, Jr., on routine patrol for the Mobile Police Department, was driving along Lyons Street with his lights out at about 3:18 a. m. on November 12, 1973, when he observed appellant walking down the middle of another street intersecting Lyons Street. He was in what he considered to be a high crime area of the city and it was unusual to see someone walking down the middle of the street at that time of the morning. He turned the corner onto the street in which appellant was walking and stopped. Appellant walked up to the car door without being requested to do so and without anything being said. The officer asked him where he was going and where he was coming from and appellant answered that he had been at Am-Vets Club on Davis Avenue. The officer then asked for some identification and appellant replied that he had previously been in jail and left it in the docket room when he was released and was told by the docket sergeant that he could pick it up later. The officer testified that this was not the procedure of the Mobile Police Department and he immediately asked appellant to step back from the car, at which time the officer opened the door, started to get out of the car, and reached for the microphone on his radio. Appellant grabbed Mills and attempted to remove his pistol from the holster, and a struggle ensued between the two for several minutes. During this time the officer was thrown to the ground and the appellant was yelling. The officer broke loose and attempted to get back into the car at which time the appellant tore the pistol loose from his hand and the holster. The officer then managed to get in the car and kicked the appellant backwards. While on his back in the car, the officer drove by pushing the accelerator with his hand some 50 or 75 feet, during which time he heard two shots fired. He raised up and looked backward when the car stopped and saw the appellant aiming the pistol in his direction and heard a shot fired and saw the muzzle flash from the gun.

During this time a woman had come out on a porch of a house on an adjoining street and began yelling also.

The last time Officer Mills saw the pistol it was in the hands of the appellant and the pistol was never found by anyone as far as he testified. He had managed to call for help on his car radio and another officer arrived on the scene shortly thereafter and found him lying half in and half out of his car with scratches and abrasions on his face and bitten places on his arm.

Officer Mills gave a description of appellant and went back to the scene where he recovered a brown cap and two receipts, one of which had appellant's name on it. He also identified appellant from a number of pictures which were shown to him from the files at the police department.

Appellant introduced two witnesses, Mrs. Florita Diggs and Mr. Mack S. White. Mrs. Diggs testified that she heard cries for help from someone about 2:30 A.M. on the day in question and when she went outside she observed a white man beating a black man then she saw the white man shooting at the black man, and the black man fled. The white man later came upon her porch and asked her where the black man had gone. She was unable to identify Officer Mills and appellant as the two men involved. She was unaware that the white man was a police officer, or the car a police car.

Mack S. White who lived in the area also heard someone shouting for help and heard three shots. He went outside and saw a police car and a white policeman coming from the porch where Mrs. Diggs saw the incident.

He also offered the testimony of Willie Allen as a witness who testified that pursuant to an arrest order which was out on appellant that he arrested him without incident, when he saw him on a street corner and called him to come over to the car which he did and was arrested.

At the conclusion of the State's testimony and again at the conclusion of all the testimony, appellant made a motion to exclude the evidence, which motion was overruled by the court. He also requested the affirmative charge which was refused by the court. These matters are further raised by motion for a new trial filed by the appellant after the verdict and overruled by the court.

■ Appellant in brief questions the validity of his being "stopped" by the policeman just before the encounter, claiming that under the circumstances as shown by the testimony, the police officer was not then and there engaged in his lawful duties. Specifically, he claims there were no circumstances present which warranted the action taken by the police officer which initiated the encounter between the two.

As we read the testimony, we think it was a question of fact as to whether appellant was actually stopped or he voluntarily came up to the police car in which the officer was riding.

The weight of the testimony seems to indicate that appellant's action was voluntary, but assuming that he was actually stopped for investigative purposes, it appears to the court that the officer was entirely justified in his action under the authority laid down in Terry v. Ohio, 392 U. S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 and Racine v. State, 51 Ala.App. 484, 286 So.2d 890.

Under the facts heretofore set out, a situation is shown where a policeman was patrolling an area having a high crime rate and observed appellant walking down the middle of the street, all at the late hour of approximately 3 a. m. in the morning in question. To say that these were not unusual circumstances and that it did not afford reasonable grounds for some investigative procedures such as stopping and, at least, receiving some information, identification and etc., from appellant, would be to abandon common judgment and common sense. We think circumstances provided reasonable grounds for the action of the officer and that his evidence tended to show that he was properly discharging his duties at the time.

Appellant further contends that the trial court erred in allowing uniformed deputy sheriff to have custodial duties of the jury. Among other duties performed by this officer, Deputy White, was to accompany the jury along with another deputy, Kelly, to lunch. Appellant argues that since the deputies were present in court and part of their duties was the guarding of the prisoner on trial and that the charge was an assault on a fellow officer. It was improper for these two deputies to have close contact with the jury.

■ Ordinarily, the sheriff and deputy sheriffs are proper officers to have charge

of the jury during their deliberations. Title 13, Section 186 and Title 30, Section 97, Code of Alabama 1940, Recompiled 1958; Douglas v. State, 50 Ala.App. 602, 281 So. 2d 652.

These officers had not testified nor were they summoned as witnesses in this case. Neither of them, so far as the record discloses, had been guilty of any improper conduct while acting as bailiffs appointed by the court, to take care of the jury. Reversible error will not be presumed, but the burden is upon the appellant to show injury in this respect. Douglas v. State, supra, and the authorities cited therein. The record indicates no circumstances resulting from the action of these deputies as bailiffs injurious to the substantial rights of appellant.

Appellant further complains of the failure of the court to charge the jury on lesser included offenses. Where the trial court fails to charge on a particular phase of an applicable law, the proper procedure is to request a written charge covering the omission complained of. As the record stands in this case, this matter is not before us for review since no requested written charge covering the matters allegedly omitted from the court's oral charge was presented to the court by the appellant. Harris v. State, 44 Ala.App. 449, 212 So.2d 695, cert. denied 282 Ala. 726, 212 So.2d 704; Title 7, Section 272, Code of Alabama 1940, Recompiled 1958.

At the conclusion of the oral charge the appellant excepted thereto in the following words, "I would like to except to the charge to the explanation you made in explaining the statute on assault —374(20)." This attempt to take an exception is abortive in that it fails to state the language or the substance of the language used by the court to which the appellant was seeking to except. Bentley v. Lawson, 280 Ala. 220, 191 So.2d 372. Therefore, there is nothing before us for review in this respect.

The sentence imposed by the court was within the statutory limits of punishment. The trial court indicated before passing sentence he had seen the criminal record ("rap. sheet") of this appellant, the adult record going back to 1964 and the juvenile record to 1960, and report of the probation officer. None of the charges or convictions, as the case may be, are shown to be constitutionally infirm so as to bring into play the rule in United States v. Tucker (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592. Neither were any of the matters in the "rap sheet" shown to be false.

Nor was any objection made by appellant to this action of the court.

Under the holding in Scopolites v. State, 50 Ala.App. 115, 277 So.2d 389, the trial court was not in error in considering this criminal record as to prior charges and convictions before passing sentence.

Appellant filed a motion to quash the entire jury venire and panel on the grounds that, "black persons, cuturally different persons, persons of lower economic status, persons between the ages of 18 and 21 years and persons between the ages of 21 and 30 years have been systematically and are excluded and are substantially under represented in said panel."

This motion, made and presented after the jury was struck, appears to have come too late. Smith v. State, 145 Ala. 17, 40 So. 957; Dunn v. State, 143 Ala. 67, 39 So. 147. However,

"At the hearing on the motion to quash the jury venire Bowens called Mary Melton, clerk of the jury commission, whose duties are to get the names of prospective jurors, see that they are qualified, and put the names in the jury box. (R. 74) In order to secure names of prospective jurors, Mrs. Melton testified that she uses city directories, tax records, tag records, phone books, and voter registration lists. Mrs. Melton testified that over fifty per cent

of the jurors listed on the jury roll are younger than forty. (R. 75) Mrs. Melton was unfamiliar with the percentage of the different age groups which end up on the jury venire. (R. 76) Judge McRae stated that the Circuit judges draw names from the jury box at random after the cards are well shuffled (R. 76) Mrs. Melton testified that, if the venire consisted of more people in the older age group, the cause was probably that younger people have greater need to be excused due to their jobs; however, as the court pointed out, Bowens offered no proof that this was the case. (R. 77)"

Even if considered on the evidence presented, supra, no statistics were offered referable to the age distribution to population nor the distribution with regard to black and white jurors. The burden to establish the grounds of the motion which rests on the appellant, was not met and the motion was properly overruled. Racine v. State, supra; Jones v. State, 50 Ala.App. 174, 277 So.2d 920; and Junior v. State, 47 Ala.App. 518, 257 So.2d 844; Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666.

No error appears in the action of the court overruling the motion to exclude the evidence, the motion for a new trial nor the refusal of the affirmative charge.

We have responded to the salient points argued by appellant and have examined the entire record for error substantially injurious to the appellant's rights. Finding no such error, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.