349 So.2d 129 (1977)
Clifford MILLER
v.
STATE.
3 Div. 755.
Court of Criminal Appeals of Alabama.
August 16, 1977.
*130 William E. Skinner, Montgomery, for appellant.
William J. Baxley, Atty. Gen., and Ellis D. Hanan, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
Clifford Miller, the appellant, was indicted by Grand Jury of Montgomery County for escape and attempt to escape under Title 14, § 153, Code of Alabama 1940. On the date set for trial, February 23, 1977, Miller appeared in court with his counsel, withdrew his plea of not guilty and entered a plea of guilty. Although Miller was nineteen years old he was not advised of his right to be considered for youthful offender treatment under Title 15 §§ 266(1)-(6), Code of Alabama 1940 (1971, 3rd Ex.Sess., Act No. 335, approved February 10, 1972). Miller was sentenced by the Circuit Court of Montgomery County to a term of thirteen months imprisonment in the penitentiary. At the time of his escape, Miller was serving a fifteen month sentence for burglary and grand larceny.
The only question we consider on appeal is whether an escape by an inmate on the work release program is a felony or misdemeanor.
In determining the voluntariness of the guilty plea the trial judge inquired into the factual basis for the plea. Miller stated:
". . . I went on work release and got with the wrong dude and got drunk and turned around and took off."

* * * * * *
". . . and went up toward Birmingham and got caught."

* * * * * *
"Yea, I took off from the trailers."

* * * * * *
"I'm guilty of escape. I left the premises. That's escape right there."
Miller was captured approximately five hours after his escape.

I
The indictment in this case was framed under Title 14, § 153, Code of Alabama 1940.
"Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year." (Emphasis added)
In 1972 a work release program was enacted and placed under the jurisdiction of the Board of Corrections. Title 45, §§ 188(1)-(11), Code of Alabama 1940, 1973 Cumulative Supplement (1971, 3rd Ex.Sess., No. 307, approved February 10, 1972). Section 188(5) concerns escape while on work release.

*131 "The willful failure of an inmate to remain within the extended limits of his confinement or to return within the time prescribed to the place of confinement designated by the commissioner shall be deemed as an escape from the custody of the board and shall be punishable as prescribed by law." (Emphasis added)
Section 188(11) provides that anyone violating any of the provisions of the chapter on work release (§§ 188(1)-(11)) shall be guilty of a misdemeanor.
The apparent conflict between Title 14, § 153 and Title 45, § 188(5) is resolved by § 13 of the Work Release Act.
"All laws or parts of laws which conflict with this Act are repealed." 1971, 3rd Ex.Sess., No. 307, p. 4597, § 13, approved February 10, 1972.
In providing a penalty for escape in the Work Release Act the obvious intent of the Alabama State Legislature was to reduce the crime of escape from a felony to a misdemeanor for an inmate on the work release program. It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute.
While a guilty plea is a waiver of all nonjurisdictional defects and admission of the truth of whatever is sufficiently charged in the indictment, it does not prevent a defendant from taking advantage of defects apparent of record. Albright v. State, 50 Ala.App. 480, 485, 280 So.2d 186, 191 (1973).
An indictment under Title 14, § 153 (felony escape from penitentiary or custody) will not support a conviction for a violation of Title 45, § 188(5) (misdemeanor escape while on the work release program). One is not a lesser included offense of the other. For this reason, the judgment of the trial court is due to be reversed and remanded. See Mitchell v. State, 248 Ala. 169, 27 So.2d 36 (1946).

REVERSED AND REMANDED.
All Judges concur.