BOOKOUT, Judge.
Robbery; sentence: ten years imprisonment. •
Around 8:55 P.M. on April 29, 1975, two men entered a convenience store in Birmingham operated by Percy Dalton Coker. One of the men, later identified by Coker as the appellant, placed a .410 gauge shotgun on the counter and ordered Coker to give him the money in the cash register. After handing over the money, Coker was forced to lie on the floor while the robbers fled. Coker called the Birmingham police, and Officer James Rhodes was dispatched to the store and took down Coker’s description of the assailants. Ten days later, Coker was shown six color photographs of black males from which he positively identified the appellant. Also, immediately before the preliminary hearing on June 2, 1976, Coker again identified the appellant who was then sitting in the courtroom.
I
Appellant challenges the identification procedure in this case as being impermissi-bly suggestive. His basic contention appears to be that the one-on-one identification of the appellant immediately prior to the preliminary hearing was suggestive and that a multiple party lineup should have been held. Counsel for appellant also contends that Coker only saw the robber for a “split second” and could not therefore make an accurate identification.
The record, in context, shows that when the robbers entered the store, Coker looked up and saw the two of them standing at the counter for a “split second.” Coker then walked around in front of the counter and asked if he could help the men. Appellant pulled the shotgun on Coker and demanded the money from the cash register. Coker observed the appellant for two or three minutes while he was in the store.
Coker testified that he selected the appellant’s photograph from a group of six photographs shown him by Police Officer T. B. White. No suggestion was made to Coker by Officer White as to which person the police suspected as the robber.
On the date of the preliminary hearing, Coker reported to one of the courtrooms in which approximately 150 people were seated. Coker and Officer White began talking and walked to the front of the courtroom. Coker then recognized the appellant who was seated in the front row. Other black men were seated near, but not directly next to the appellant. Appellant contends that such situation amounted to an impermissi-bly suggestive one man show-up.
We do not find the identification procedures in the instant case to have been so suggestive as to create a substantial likelihood of misidentification, as per the rule enunciated in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). A hearing was held on the identification procedure outside the presence of the jury at which time Coker positively identified the appellant. He again identified the appellant in the presence of the jury. Coker and the police officer witnesses were subjected to a thorough' and sifting cross-examination. The danger of misidentification is *21 substantially lessened by a course of cross-examination at trial which exposes to the jury the potential for error. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976). Also see: Donilson v. State, Ala.Cr.App., 350 So.2d 738 (1977).
Coker testified that no one indicated or suggested which photograph to select. He likewise testified that his in-court identification was based upon his view and observation of the robber at the time of the robbery, not upon the photographs or recognition of the appellant at the preliminary hearing. Even if a pretrial confrontation is conducted in a manner vio-lative of due process (which is not the case here), a later in-court identification should not be excluded if it is shown to have a source independent of the suggestive confrontation. Doss v. State, Ala.Cr.App., 333 So.2d 173 (1976). It is clear from the record as a whole and the totality of the circumstances that the source of Coker’s in-court identification of the appellant was his view of the appellant at the time of the robbery. Thus, the trial court did not err in allowing such testimony to go before the jury.
II
The trial jury was selected, sworn and empanelled without objection. After the verdict and judgment, appellant filed a motion for a new trial, raising for the first time the following two grounds:
“2) Defendant was tried by an all white jury in violation of the due process and equal protection clauses of the Constitution.
“3) The State struck all black members of the venire resulting in trial by an all white jury in violation of the due process and equal protection clause of the Constitution.”
It is unnecessary to rule on the merits of appellant’s contention relative to the State’s use of peremptive strikes resulting in an all white jury. We covered that subject thoroughly in a decision adverse to appellant’s position in Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, Ala., 335 So.2d 688 (1976). Rather, we find that the appellant’s challenge to the composition of the jury comes too late. A challenge to the composition of the jury must be made prior to trial, and such a challenge coming for the first time in a motion for a new trial comes too late and amounts to a waiver of the objection. Bowens v. State, 54 Ala.App. 491, 309 So.2d 844 (1974) cert. denied 293 Ala. 746, 309 So.2d 850 (1975); Brown v. State, 33 Ala.App. 97, 31 So.2d 670 (1946) cert. denied 249 Ala. 412, 31 So.2d 684 (1947).
The trial court committed no error in overruling the motion for a new trial.
AFFIRMED.
All the Judges concur.