LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty of robbery and the court fixed his punishment at imprisonment for thirty years in the penitentiary and sentenced him accordingly.
The undisputed evidence shows that on April 14, 1979, at approximately 7:00 P.M., defendant robbed Charles Módica, the owner of the G. & D. Food Center in Bessemer, at the point of a gun. He caused the victim to empty the cash register and deliver approximately $700.00 taken therefrom to defendant. It appears also that two other men were robbing other attendants at the store about the same time. After obtaining the money, they backed out of the store threatening to shoot anyone who moved.
On direct examination as a witness for the State, Mr. Módica positively and unwaveringly identified defendant as the man who robbed him. In a lengthy cross-examination of the witness, and in cross-examination of other witnesses for the State, defendant showed that some time after the robbery the victim further identified defendant by a picture selected by him from a number of photographs shown him by officers and again identified defendant as the one who robbed him by picking him out of a lineup some time after the robbery.
Some confusion resulted and perhaps remains by reason of the testimony of another witness for the State, who identified defendant as the man who robbed him as a customer of the store as he was proceeding through a cashier’s line attended by a female cashier, whom, the witness said, the defendant also robbed.
Appellant contends, as defendant contended on the trial, that Modica’s in-court identification of defendant was tainted by the picture and lineup identifications of defendant. At the conclusion of the testimony, he raised the question by a motion to exclude the evidence for the State as to the identification of defendant, which motion was overruled.
Appellant’s position is not well taken for two distinct reasons.
*640 There was no evidence of any suggestiveness or other impropriety in connection with the out-of-court identifications of defendant, either as to the pictures or as to the lineup. A conviction based on eyewitness identification at trial is not to be set aside merely because there has been a pretrial identification by photograph or by a pretrial lineup unless such pretrial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, 339 So.2d 601 (1976).
In addition, the in-court identification of defendant was clearly shown to have been based upon eyewitness observance of the robber at the time of the robbery. When an in-court identification is shown, as here, to have a source independent of any pretrial identification or confrontation, it is properly admitted in evidence. DeLoach v. State, Ala.Cr.App., 361 So.2d 19, writ quashed, 361 So.2d 21 (1977); Doss v. State, Ala.Cr.App., 333 So.2d 173 (1976); Speigner v. State, Ala.Cr.App., 369 So.2d 39, cert. denied, 369 So.2d 46 (1979).
Soon after the robbery, in aid of the officers in their efforts to determine the identity of the robber, Módica drew a picture of defendant as the robber. The picture drawn by Módica bears a remarkable resemblance to a photograph of defendant in the record, which indicates that whatever suggestiveness there was as to the identity of defendant was suggestiveness on the part of the victim and not suggestiveness on the part of the officers.
There was no error in admitting the in-court identification of defendant.
While cross-examining the last witness on the trial, a witness for the State, as to the photograph that Mr. Módica had selected from a number of photographs as a photograph of defendant, the following occurred:
“Q. Is this the photograph you showed Mr. Módica?
“A. Yes, sir.
“(Defendant’s Exhibit 1 was marked for identification.)
“MR. RUSSELL: I would like to introduce this.
“THE COURT: In without objection.
“(Defendant’s Exhibit 1 was admitted in evidence.)
“Q. (By Mr. Russell). Sergeant Price, do you have the other photographs you showed Mr. Módica?
“A. No, sir, I don’t.
“Q. Where are they?
“A. They would be in the files.
“Q. Can you obtain them or get them here?
“A. It would take a while to get them.
“Q. We would all like to see them. And, I would like to see them.
“MR. RUSSELL: Judge, I would like to ask that the photographs be produced.
“MR. TUCKER: Your Honor, we would respond, there has not been a subpoena sent out by the defense for this. We have the photograph of the defendant, and he is the one that wants the photo identification, not us.
“THE COURT: Gentlemen, this case has been set since October 30 [trial commenced December 11]. I’m not going to grant a continuance for anyone to get something that is not subpoenaed before this date.”
No further insistence was made by defendant as to a delay in the trial or for production of the other photographs. There was no showing by defendant to indicate that the production of the other photographs would have been of any benefit to defendant. The court was well within the province of its discretion in indicating that the case should not be continued for the production of the photographs. It appears, also, that probably no substantial injury to defendant resulted from the non-production of the photographs.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the *641 provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.