280 So.2d 801

**Marion J. JONES, Jr.,**

**v.**

**STATE.**

**4 Div. 107.**

Court of Criminal Appeals of Alabama.

April 3, 1973.

Rehearing Denied May 15, 1973.

No brief for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

EMMETT F. HILDRETH, Circuit Judge.

Appellant, Marion J. Jones, Jr., was indicted and convicted, for unlawfully taking possession of real property after having been dispossessed of it by an officer acting under legal process, T. 14, § 428, Code 1940. He was adjudged guilty in accordance with the jury verdict, and sentenced to imprisonment for twelve months.

The evidence showed without conflict that appellant had suffered default judgment to be rendered against him by which certain described real property was rendered to Kendrick Realty Company, a Georgia corporation, which property was commonly known as 903–32nd Street, Phenix City, Alabama. A writ of possession was issued out of the Circuit Court, commanding the Sheriff to place Kendrick Realty Company in possession of said property, and this writ was executed start-

ing on November 11, 1969, and being completed on November 13, 1969 with Kendrick Realty Company being placed in possession of said property as provided in said writ. The locks on the doors to the dwelling house located thereon were changed that same day. Defendant by his own admission re-entered the same premises on the following day, November 14, 1969, breaking off the door locks with a crowbar, and retook possession of said property without authorization to do so. The evidence in the case amply supported the jury's verdict.

On the trial of this case, defendant sought to interject several issues and matters which were entirely irrelevant and which under no interpretation would or could shed light on his innocence or guilt of the offense with which he was charged, and the trial court committed no error in sustaining the objections to and in the exclusion of such matters.

Appellant sets forth thirty assignments of error. However, he submits no brief or argument in support thereof. Many of the assignments of error are frivolous, repetitious, or otherwise without substance or merit; any discussion thereof would be fruitless. We have given very careful consideration to each assignment of error that might, in any manner, be regarded as relevant and worthy of the Court's attention, or in some measure influence the Court's decision in this case.

Defendant was not represented by an attorney on his arraignment, or on his trial. He represented himself. The record shows that he was not an indigent; that he was financially able to employ counsel; that he claimed to have employed counsel, but that his counsel for some unexplained reason was never present. While it is not fully clear from the transcript as to exactly what transpired on October 12, 1970, when the case was originally called for arraignment, it does not appear that defendant notified the Court that he was not an indigent, and that he had employed an at-

torney, Mr. Samples, of New York, but that his said attorney was never present. The Court very commendably and properly endeavored to impress upon defendant his need for experienced counsel, without success. Defendant had a constitutional right to conduct his own case without the assistance of an attorney. Const.1901, §§ 6 and 10; May v. Williams, 17 Ala. 23.

 Where the indictment uses the language of the statute which creates a new crime unknown to the common law, this ordinarily is sufficient to support a judgment of conviction of that offense. In the present case, it was sufficient in making out a case against the defendant to prove only that the accused was lawfully dispossessed of the real property or premises in question by order of a court of competent jurisdiction and that the accused subsequently retook possession of such real property or premises without legal or lawful authority to do so. State v. Briley, 8 Port. 472; Clark v. State, 19 Ala. 552; Jackson v. State, 236 Ala. 75, 182 So. 83; T. 14, § 428, supra.

A corporation not organized under the laws of Alabama may take, hold, and enforce mortgages on real property and is not thereby deemed to be doing business within the State of Alabama. Amendment CLIV to the Constitution proclaimed ratified November 18, 1960. See also, Jones v. Kendrick Realty Co., 287 Ala. 402, 252 So.2d 61. The execution of a writ of possession on a state holiday other than Sunday is not for that reason void, since only Sunday is *dies non juridicus*. Smith v. State, 243 Ala. 253, 9 So.2d 122.

It was perfectly correct and proper for the trial judge to take judicial notice of the records of his court. Lovejoy v. State, 32 Ala.App. 110, 22 So.2d 532; Shadle v. State, 284 Ala. 138, 222 So.2d 722.

We have made a full and complete search of the record, with due consideration of all rulings of the trial court, and we find no error in the rulings of the court or in the procedures in this case.

The foregoing opinion was prepared by Hon. Emmett F. Hildreth, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment of the trial court is hereby

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.

HARRIS, J., recuses self.