318 So.2d 337

Walter T. LUCKIE, alias

v.

STATE.

3 Div. 332.

Court of Criminal Appeals of Alabama.

June 17, 1975.

Rehearing Denied July 29, 1975.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State.

Anne M. Weiss, Montgomery, for appellant.

PER CURIAM.

Appellant was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for 30 years.

After arraignment for the second time (appellant was arraigned on more than one occasion before his case was finally set and tried) but before entering upon the trial of the case, appellant filed his motion dated June 5, 1972, to dismiss his employed attorney, H. Walden, who had represented him by employment about a year and the trial had been continued twice. In the motion appellant averred that he would retain attorney Jasper Roberts or attorney Hartwell Davis to ready his case for trial. The motion contains seven grounds, all of which were directed toward an alleged failure of his employed attorney to properly prepare the case and represent the appellant in this proceeding.

The court overruled the motion and the case proceeded to trial but the record shows not only that Mr. Walden continued to represent the appellant but that attorney Jasper Roberts also shared this responsibil-

ity with Mr. Walden and took an active part in the trial proceedings. From a perusal of the record it appears the performance of these attorneys was competent and vigorous in their representation of the appellant.

■ This court recognizes the rule that a defendant has a constitutional right to conduct his case without aid of counsel and may waive right of counsel in the trial. This seems to be true whether he is able to employ counsel or indigent. Constitution of Alabama, 1901, Article 1, § 6; *Irvin v. State,* 44 Ala.App. 101, 203 So.2d 283; *Jones v. State,* 50 Ala.App. 541, 280 So.2d 801, cert. denied 291 Ala. 785, 280 So.2d 803.

■ Although the ruling of the court violated the above principle, we do not think it was error to reverse since attorney Jasper Roberts did in fact proceed to represent the appellant along with his first employed attorney. We hold this error without injury under Supreme Court Rule 45.

We note that in the case of *Minniefield v. State,* 47 Ala.App. 699, 260 So.2d 607, the court held:

" 'Ordinarily counsel who supplants or supplements other counsel, who have already had ample time to get ready for trial, should not expect or ask for a continuance.' "

See *Bertrand v. State,* 46 Ala.App. 117, 238 So.2d 914.

The attorney of appellant's choice, Jasper Roberts, made no effort or motion to activate any of the grounds of the motion above referred to after he came onto the scene and further, made no motion for a new trial based on any of these grounds.

■■ The motion to continue by appellant's attorney L. H. Walden, was overruled. The law is well settled that the continuance rests in the discretion of the court subject to review only on clear abuse of discretion. *Segers v. State,* 283 Ala. 694, 220 So.2d 882; *Divine v. State,* 279 Ala. 291, 184 So.2d 628. Both attorneys for appellant and appellee concur in this well settled rule, and we hold there was no clear abuse of the court's discretion and no error in overruling the motion. It appears there was ample time for the preparation of trial.

State's witness R. J. Moody, a captain in the Montgomery Police Department, testified that on the day after the appellant was charged in the instant case, he (appellant) gave the witness an oral statement delineating the circumstances surrounding the killing of the deceased and that witness made notes of the statement to be put in the record with appellant's consent. He further testified that appellant said he would not make a written statement, and he did not want a tape recorder used but would answer any questions asked by Captain Moody with regard to the circumstances surrounding the killing. Appellant was told that what he said would be put in the record in the case file and that this was done with his agreement.

Appellant contends the proper predicate was not laid for any statement subject for admission into evidence because he was not advised of his *Miranda* rights, and that the record did not reflect the statement was voluntarily made.

■ The court has carefully reviewed the testimony bearing on this question and is of the opinion that appellant was advised of his *Miranda* rights, that he understood the same and that the statement was purely voluntary. We, therefore, hold there was no error in the action of the court in admitting the statement into evidence over the objection of appellant.

At the conclusion of the testimony offered by the State the appellant moved to exclude on the grounds that the State had not proved the cause of death of decedent; that James Small, a toxicologist, who testified for the State as to the cause of death was not properly qualified to give such testimony; and that there had been no expert testimony to show the cause of death.

■ The question of the qualifications of a person to testify as an expert rests largely in the discretion of the trial court and will not be disturbed by the appellate courts in the absence of abuse. See numerous cases collected in Alabama Digest, Criminal Law, Volume 6, ☞481.

■ The case of *Richardson v. State,* 39 Ala.App. 207, 98 So.2d 59, cert. denied 266 Ala. 699, 98 So.2d 65, along with many other cases, holds that a toxicologist, properly qualified, may testify as to the cause of death. See also Alabama Digest, Criminal Law, Volume 6, ☞476.

■ Appellant argues that the written statement of witness Mary Lee Stewart is prejudicial to the rights of appellant and should not have been admitted into evidence because it violated the hearsay rule. This statement was offered by the State and admitted without objection. Where no ruling is invoked in the trial court there is nothing before this court for a review, therefore, no error appears in this respect. *Johnson v. State,* 49 Ala.App. 389, 272 So. 2d 597.

■ The admission into evidence of a certified marriage license issued by the Judge of Probate of Lowndes County, Alabama, authorizing the marriage of appellant and Mary Lee Stewart, a black woman, together with a certificate of the Probate Judge that he performed the ceremony, in our opinion tended to show motive on the part of the appellant and were properly admitted into evidence.

■ The jury returned with a verdict of guilty and fixed the sentence of appellant at imprisonment in the penitentiary for 30 years. Before passing of sentence by the court, appellant was queried by the court at great length with regard to his past record, which apparently involved many arrests and some convictions of crimes involving moral turpitude. This was done in the presence of the jury with the court remarking that they need have no qualms about the length of sentence inflicted upon the appellant in view of this record.

We do not condone this particular phase of the trial but neither do we find the defendant was prejudiced since the sentence passed by the court, 30 years imprisonment, was exactly the sentence as returned by the jury as its final verdict. Immediately thereafter sentence was, in fact, passed on defendant who noted the appeal which is now before this court.

Appellant further suggests that the above action of the court shows bias against appellant when considered with other prejudicial acts of the court pending the completion of the trial. It is true that some of the rulings of the court on evidence and other matters were sharply worded but these rulings were directed as much to the prosecution as to the defense. After a careful study of the entire record we are not convinced that this verdict should be set aside on the grounds that the appellant's right to a fair and impartial trial was denied by the action of the court in the conduct of the case.

■ Several written charges requested by appellant were given and 11 were refused. Those numbered 1, 2, 3, and 4 were affirmative in nature and properly refused under the evidence. In view of the oral charge of the court and the written charges given at the request of the appellant, there was no error on the part of the court. Code of Alabama 1940, Recompiled 1958, T. 7 § 273; and see cases collected in Alabama Digest, Criminal Law, Volume 6A, ☞829(1).

We have tried to give careful consideration to the entire proceedings as evidenced by the record before us and have found no error of a reversible nature.

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.