BOWEN, Judge.
The appellant was indicted on June 28, 1976, for burglary in the second degree of The Pit Stop Package Store in Mobile, Alabama. The jury found him guilty as charged and the trial judge sentenced him to nine years in the penitentiary. Notice of appeal was given. The appellant’s court appointed trial counsel was relieved of his duty of representation and another attorney was appointed to represent this appellant on the appeal of his conviction.
The only question presented for review is whether the trial judge abused his discretion by not granting a continuance after the appellant informed the court that he *5 wanted his court appointed attorney dismissed (“off the case”) because he was not being represented properly.
A discussion of the facts constituting the crime is not necessary. It is sufficient to state that on May 15,1976, at 4:30 A.M., the appellant was caught coming out of The Pit Stop Package Store with a case of beer in his arms.
The appellant was arraigned on August 9, 1976, and an attorney was appointed to represent him. At that time, the trial was scheduled for September 22, 1976. During this time the appellant remained in jail unable to post bond.
On the day set for trial, the appellant’s case was called and a jury venire was brought in the courtroom. Before the proceedings advanced further, the following occurred:
“MR. FISHER: I want this man off my case. He is not representing me properly.
“THE COURT: Mr. Davis was appointed to represent you.
“MR. FISHER: He’s not representing me properly. I need time to get another lawyer.
“THE COURT: You’ve had since May.
“MR. FISHER: He ain’t been to see me and he’s not representing me.
“THE COURT: In what way has he not represented you?
“MR. FISHER: I asked him to get my bond down.
“THE COURT: Let me caution you. Now you’re the Defendant in this case and you’re making this statement in the presence of prospective jurors.
“MR. FISHER: Man, I don’t want this lawyer.
“THE COURT: Listen, don’t interrupt me now when I’m talking to you, do you hear? You are making statements which could be prejudicial to you in the trial of your ease in the presence of jurors from whom I’m going to select twelve to try the case.
“MR. FISHER: My bond should be dropped down and he didn’t do it.
“THE COURT: Let me say this. With respect to reduction of bond, that is a judicial function and only I could reduce the bond.
“MR. FISHER: The other one in the case, his bond was dropped down and my bond should be dropped down.
“THE COURT: I don’t know anything about that at all. The court is going ahead with the trial of this case.
“MR. FISHER: I have no lawyer.”
* * * * * *
“MR. FISHER: This man is not representing me.
* * * * * *
“MR. FISHER: If the court give me time to get a lawyer. I have no lawyer. * * * * * *
“MR. FISHER: I don’t want this lawyer. He ain’t trying to get me a fair trial.
* * * % itt
“MR. DAVIS: Judge, for the record, I’d like to ask to withdraw from this case.
“THE COURT: Deny your request.”
The court then determined that there was no member of the jury venire who felt that he could not disregard the appellant’s comments and give the appellant a fair trial based solely on the evidence. The appellant then voluntarily left the courtroom going to the hall which was the entrance to the jail (the “holding slot”). The trial judge then ordered the appellant taken out of the courtroom and for a second time qualified the jury'as to any bias or prejudice caused by the appellant’s conduct and remarks.
The appellant was returned to the courtroom and the following occurred:
“THE COURT: I want to ask the Defendant this. I remind you that on August the 9th when you were arraigned for this offense, Judge McRae appointed a lawyer at your request. He appointed
Mr. Davis—
“MR. FISHER: I told him my people were trying to get me a lawyer.
“THE COURT: —he appointed Mr. Davis and this court retains the appointment. Now my question to you is are *6 you going to be seated in the courtroom at the counsel table and behave yourself and not interrupt as you have been doing?
“MR. FISHER: I’m not going to behave myself and I’m not going to be quiet.”
The appellant was then removed from the courtroom. Several times throughout the course of the trial, the trial judge ordered the appellant to be brought back into the courtroom to determine whether he was willing to. control himself and participate. The appellant adamantly and obstinately refused stating that he would behave himself, “when I get a lawyer of my own”; “I want to have the lawyer of my choice”.
At the conclusion of the State’s case, the appellant was once again returned to the courtroom.
“MR. DAVIS: For the record I would like to state that there has been a complete breakdown between me and the client. I spoke to him this morning and I advised him that the District Attorney had allowed me to see his record.
“MR. FISHER: That’s discriminating me and that’s why I says I’m not going to Court.
“MR. DAVIS: I have not had an opportunity to talk to him about testifying or not but I would advise him that it would be to his detriment to do so.”
* * * * * *
“THE COURT: Do you wish to testify or not?
“MR. FISHER: I ain’t had no choice of my lawyer.
“THE COURT: Do you wish to testify or not?
“MR. FISHER: When I receive a fair and just trial.
“THE COURT: Do you have any witnesses you wish to put up in this case?
“MR. FISHER: When I have a fair and just trial.
“THE COURT: I’m giving you the choice. Do you wish to take the witness stand?
“MR. FISHER: When I have a fair trial. I ain’t got no lawyer. He ain’t no lawyer. I have nothing to say in this courtroom.” The defense then rested.
I
The rule is universally recognized that the granting or refusal of a continuance rests in the sound discretion of the trial court and its ruling will not be disturbed unless gross abuse of the court’s discretion is shown. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973); Luckie v. State, 55 Ala.App. 642, 318 So.2d 337, cert. denied, 294 Ala. 764, 318 So.2d 341 (1975). The appellant contends that this rule is not applicable here because there are no facts in the record which justify a continuance and because there are compelling factors to support a continuance. These reasons, as given by the appellant, may be listed as four: The appellant informed the trial court (1) that his appointed attorney had not been to see him and (2) that he did "not want that attorney representing him. (3) The attorney did not deny the accusation and (4) the trial court did not investigate it.
While the appellant alleges that the trial court did not investigate the allegation that counsel had never been to see the appellant, the court specifically asked the appellant, “In what way has he not represented you”. The appellant responded that the attorney had failed to get his bond reduced. The trial court did not inquire into any other way in which the appellant was not being properly represented. In Browning v. State, 51 Ala.App. 632, 288 So.2d 170 (1974) we held that the denial of a continuance was not an abuse of discretion although the defendant stated that he had not discussed the case with his appointed attorney until a few moments before the request for a continuance was made and that he was seeking another attorney. There it was pointed out that there was no showing of insufficient time to prepare or witnesses could not be obtained.
*7 This court in holding that the trial judge did not abuse his discretion in the instant case relies on the several factors and circumstances in reaching this determination. The appellant protested that his appointed attorney had not been to see him but when questioned as to how his attorney had failed to represent him responded that his bond had not been reduced. The appellant represented to the trial court that at his arraignment when counsel was appointed, that he informed the judge that his people were trying to get' him a lawyer. Throughout the trial of his case, the appellant refused to behave, testify, or participate until he had his own lawyer or a lawyer of his own choosing. The appellant objected because he had not been able to select his own lawyer. The appellant failed to exercise due diligence by waiting until the beginning of his trial to seek a continuance. “The right to counsel ‘cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.’ Judges must be vigilant that requests for appointment for a new attorney on the eve of trial should not become a vehicle for achieving delay.” United States v. Llanes, (2 Cir. 1967) 374 F.2d 712 at 717; Bowman v. United States, (5 Cir. 1969) 409 F.2d 225. The appellant had 44 days in which to obtain, or have his family obtain, counsel of his own choosing. True, the appellant was incarcerated in the county jail at this time unable to post bond. However, we have no reason to even imply that if given a continuance, the accused would have been able to secure private counsel. The appellant’s conduct even before the trial actually started was so disquieting that the trial judge had to order the appellant removed from the courtroom. However, this was only after the appellant had voluntarily attempted to return to the jail. This court is impressed with the fact that the appellant did everything in his power to disrupt the proceedings and prevent the case from continuing.
This was a simple case. There were no complicated facts involved. There was evidence that the court appointed attorney, although silent as to the appellant’s charge that he had not been to see the appellant, had reviewed the district attorney’s “record” of the appellant. He objected at trial and adequately cross-examined the State’s witnesses. Although appellant’s counsel presented no evidence for the defense we do not deem this significant in view of the State’s evidence that the appellant was caught red-handed. In his brief on appeal, counsel for the appellant states that it is not argued that the appellant was denied effective assistance of counsel.
The appellant insists that rather than “forcing” the appointed attorney to proceed, the trial court should have permitted the appellant to. conduct his own defense. The record before us affords not the slightest indication that the appellant in seeking to discharge his appointed attorney was doing so in order that he could exercise his right to conduct his own defense. Hamilton v. State, 270 Ala. 184, 116 So.2d 906, cert. denied, 363 U.S. 852, 80 S.Ct. 1638, 4 L.Ed.2d 1737 (1960). On the contrary it appears and the appellant stated that he wanted his own attorney and one of his own choosing.
We have carefully reviewed the entire record and especially those rulings of the trial court cited as being adverse to the appellant. Having found no prejudicial error, we are of the opinion that this case is due to be and is hereby
AFFIRMED.
All Judges concur.