In this personal injury action, the jury returned a verdict in favor of the defendant counter-claimant for the sum of $60,000. The original plaintiff appeals, claiming the trial court erred in:
 (1) Refusing to allow a wrecker operator to state his opinion as to the point of collision of the two automobiles;
 (2) Allowing a state trooper to state his opinion about point of impact;
 (3) Admitting into evidence a diagram which was not drawn in court;
 (4) Refusing to give an instruction on the legal consequences of an act of God;
 (5) Refusing to grant a new trial because the verdict was excessive;
 (6) Refusing to grant a new trial because of improper argument of counsel.
The accident occurred on Alabama Highway 21 in Coosa County. Plaintiff, David Griffin, was travelling north in a Volkswagen. Defendant, Welton Gregory, was going south in a Chevrolet. Each party claimed the other had crossed the center line. The jury obviously believed Gregory's version of the facts.
 I
Plaintiff Griffin claims that the trial judge erred in refusing to permit, over defendant's objection, a truck operator, who was also a garage mechanic, to give his opinion as to the "portion on the Volkswagen which was hit by the Chevrolet." Whether a particular witness will be permitted to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for abuse. Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647
(1974).
 II
The trial judge permitted a state trooper to give, over objection, his opinion as to the point of impact of the automobiles. Here again, whether a particular person will be permitted to testify as an expert is largely discretionary. We find no reversible error here. In Madison v. State, 40 Ala. App. 62, 109 So.2d 749 (1958), a highway patrolman was permitted to give a conclusion as to the point of impact based on his personal observation as a "shorthand rendering of a collective fact." That is what happened here.
 III
Griffin objected to the introduction of a diagram, admittedly not prepared in court, but which the witness identified as a drawing which correctly portrayed and depicted the highway, the position of two vehicles at the time of collision, and subsequent thereto.
Griffin claims the diagram was inadmissible and argues in brief:
 "The introduction of the exhibit into evidence, however, had a much more sinister effect, as was noted by the Court of *Page 693 
Appeals of Alabama in the case of Catrett v. State, 25 Ala. App. 331, 146 So. 287 (1933). In Catrett, the court observed that the most incriminating evidence allowed upon the trial of the case was a map prepared by a witness for the State, which was allowed into evidence over the objection and exception of the appellant. The Court of Appeals noted that the diagram or map with its indicia, notations and characters, operated in effect as a perfect picture of the homicide complained of, and a portrayal of the killing in line with the theory and insistencies of the prosecution. The witness who prepared the map admitted he knew nothing whatever relative to the killing of the deceased, or the locus in quo of the offense, and that he prepared the map solely upon information given him by other parties in the absence of the appellant. The Court of Appeals further noted that the map showed in detail practically every fact upon which the State relied for a conviction, and was highly prejudicial to the substantial rights of the accused. The court stated that the map, being predicated upon hearsay only, should not have been allowed in evidence and the exception reserved to its introduction had to be sustained."
Suffice it to say that in Catrett v. State, 25 Ala. App. 331,146 So. 287 (1933), the Court noted:
 ". . . Some locations and points of the map were verified by witnesses in their testimony, but no witness undertook to testify that the red dots or marks indicated thereon as the tracks of the defendant, were correct." (emphasis added).
Here, there was testimony that the diagram correctly portrayed the scene. In his objection to the admission of the diagram, counsel for plaintiff stated, ". . . why don't the defendants take the blackboard there and draw a scene instead of all this . . ." Obviously, a diagram or model, whether prepared in court or out of court, must fairly and accurately portray what it purports to portray and must be relevant and material. Defendant's complaint during trial that the diagram was not drawn on the blackboard was without merit. The deficiency noted in Catrett is not present here. There was no error in admitting the diagram into evidence. As this Court said in James v. Mizell, 289 Ala. 84, 265 So.2d 866 (1972):
 "Further, a diagram or drawing may be used by a witness to make more clear his testimony. If the witness testifies to the correctness of a map or diagram, whether made by himself or by someone else, and has personal knowledge of the matter depicted, such matters furnish a sufficient predicate for the admission of the map or plat. It is not necessary that the authenticity of the plat be first established by the cartographer or author of the plat or map. Cooper v. State, 274 Ala. 683, 151 So.2d 399. No merit therefore attaches to assignment of error No. 40."
 IV
Griffin claims that because there was evidence of rain and high winds, and that he was driving a Volkswagen, and the defendant testified that he was on the wrong side of the road, that "the jury could infer from the evidence, and had a right to do so, that the Volkswagen was blown from its straight course of travel without any fault on the part of the plaintiff." In the first place, there was no written request for an instruction on the legal consequences of an act of God. Secondly, there was no evidence that an act of God, as defined in Alabama Pattern Jury Instructions, § 28.18, was the proximate cause of the accident. There was no error here.
 V
Griffin's argument that the jury verdict of $60,000 for the defendant-counter-claimant was excessive is without merit. There was evidence that Gregory had actual medical expenses of $10,339.45, that he underwent an extensive and painful rehabilitation process and would be permanently disabled. The trial court heard the evidence, *Page 694 
observed the witness, and refused to grant a new trial. The verdict is not excessive. R.C. Bottling Co. v. Sorrells,290 Ala. 187, 275 So.2d 131 (1973).
 VI
Griffin claims the trial court should have granted a mistrial because of remarks made by Gregory's counsel during closing arguments, as follows:
 "MR. RADNEY: I noticed the other day for five acres of land over here, $96,000 for five acres of land.
"MR. TEEL: If the court please —
"BY THE COURT: Sustained.
"MR. RADNEY: What five acres of land?
"MR. TEEL: If the court please —
"BY THE COURT: Sustained.
 "MR. TEEL: I ask that the jury be instructed to completely disregard that argument.
 "MR. RADNEY: Your Honor, I am suggesting that I can compare land to the hurt of somebody.
"MR. McCRARY: May it please the court —
 "BY THE COURT: Objection is sustained and I grant the motion to exclude that from the jury's instructions.
 "MR. McCRARY: Also other remarks made while we were making our objections.
"BY THE COURT: They are included.
"MR. McCRARY: Move the court for a mistrial.
"BY THE COURT: Motion for a mistrial denied."
No prejudicial error to reverse is shown here. The trial judge took immediate action to instruct the jury to disregard the argument. Griffin's argument that the remarks were ineradicable is without merit.
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.