This is an appeal by plaintiff, Rufus Eldred Sharp, from a judgment for defendants, Argo-Collier Truck Lines Corporation and Donald Evans, in an action for the wrongful death of plaintiff's minor son, Rufus David Sharp, in an automobile accident. We affirm.
The accident which is the basis of this suit occurred on April 8, 1975, at approximately 11:30 p.m. on Alabama Highway 20, a paved, two-lane highway, between Florence, Alabama, and Savannah, Tennessee. Plaintiff's son was killed when the automobile which he was driving collided with a tractor-trailer truck owned by Argo-Collier Truck Lines. Evans, an employee of Argo-Collier Truck Lines, was the driver of the truck. The wreck occurred in Lauderdale County, Alabama, near the Alabama-Tennessee state line. The deceased and another young man, who was also killed in the accident, were proceeding in a direction toward Florence, Alabama. Evans was traveling in the opposite lane toward Tennessee at the time of the collision.
It was the position of plaintiff at trial that the collision occurred due to Evans' negligence in driving on the wrong side of the highway. Defendants pleaded the general issue and contributory negligence. They argued that the Sharp vehicle rounded a curve in the highway, went out of control, and struck the left front of the tractor-trailer truck on its side of the highway. The case went to the jury which returned a *Page 149 
verdict for the defendants. This appeal followed.
Plaintiff first contends that the trial court erred in allowing State Trooper Elree Strickland, the investigating officer to testify as an expert for the defendants and to state his opinion as to the location of the point of impact of the collision. We cannot agree.
It is well established in this state that the question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for palpable abuse. Hagler v. Gilliland, 292 Ala. 262,292 So.2d 647 (1974).
At the time of trial, Mr. Strickland had been a State Trooper for five and a half years. He attended Recruit School where he received training in accident investigation. Mr. Strickland further testified that he had investigated three to four hundred accidents in south Alabama before assuming his present position in Florence, Alabama, and that he had investigated some one hundred other accidents in the Florence area. We find, therefore, that the trial court did not abuse its discretion in permitting Mr. Strickland to testify as an expert in this case.
This discretion of the trial court is limited, however, to weighing the qualifications of Strickland to testify as an expert witness, Hagler v. Gilliland, supra, while the admissibility of the substance of his opinion testimony is governed by the rule that opinion testimony as to the location of the point of impact of a collision is proper where the witness first details the facts upon which his conclusion is based. Griffin v. Gregory, 355 So.2d 691 (Ala. 1978); Robinsonv. Morrison, 272 Ala. 552, 133 So.2d 230 (1961); Madison v.State, 40 Ala. App. 62, 109 So.2d 749 (1958).
A review of the record shows that Strickland arrived at the scene of the accident approximately thirty minutes after the collision occurred. He testified as to his observations of the location of tracks and gouge marks in the pavement of the highway, the condition of both vehicles, and the location of diesel fuel and under-carriage debris on the highway. On the basis of these observations, Strickland identified the point of impact as being on the tractor-trailer truck's side of the highway. Because Strickland stated in detail all facts upon which his conclusions were drawn, we find no reversible error in the trial court's admitting the foregoing opinion evidence.
Plaintiff secondly asserts that the trial court committed error in overruling plaintiff's objection to the following question asked by defense counsel of Strickland:
 "Q. Mr. Barnett asked you if there were any marks in the roadway, or something about the roadway, by the car — were there any marks in the road that you think were left by the car?"
However, the record shows that plaintiff's objection was made too late because it was interposed after the witness had given a responsive answer to the question. Wilkinson v. Duncan,294 Ala. 509, 319 So.2d 253 (1975).
Plaintiff also charges error on the part of the court below in not excluding, upon plaintiff's motion, the answer to the above-quoted question:
 "A. Those grooves all except the ones left by the hub of the truck were left by the car."
But, having failed to make timely objection, as previously pointed out, plaintiff has waived this alleged error. MadisonHighlands Development Company v. Hall, 283 Ala. 333,216 So.2d 724 (1968).
Plaintiff next contends that the trial court erroneously allowed David Lee Weldon, an equipment maintenance director for Argo-Collier Truck Lines and a diesel mechanic, to testify as to certain cuts on the left front tire of the tractor-trailer truck because Weldon was not qualified as an expert in accident reconstruction. Again, we cannot agree with plaintiff.
Whether Weldon was allowed to testify as an expert witness is, as previously noted, *Page 150 
largely a matter of discretion with the trial court. Hagler v.Gilliland, supra. However, we need not reach this issue because a review of the record shows that Weldon, pursuant to specific directions from the trial court, testified only to the physical condition of the tire and bumper of the tractor-trailer truck as he observed these items during his examination of the vehicle after the collision. Thus, Weldon testified to facts which were within his personal knowledge and it is axiomatic that such testimony is admissible. See McPherson v. Martin,234 Ala. 244, 174 So. 791 (1937).
The final error urged by plaintiff concerns the trial court's failure to state the amount of damages claimed by plaintiff in its oral charge to the jury. He argues that failure to charge as to the maximum amount sought by plaintiff confused and mislead the jury because the charge as given "may very well have been interpreted by one or more members of the jury as an indication by the Court that no damages at all should be awarded." We find no merit in this argument.
Plaintiff, as appellant, has the burden of affirmatively showing to this court that the error complained of was prejudicial to his case. Gordon v. State, 273 Ala. 213,137 So.2d 752 (1962). While we do not concede that the trial court in fact committed error by its charge, we find that clearly no prejudice resulted to the plaintiff's case from the charge as given because the jury found no liability on the part of defendants. We also note that the trial court stated that plaintiff's counsel twice advised the jury of the amount of damages sought during argument.
Having reviewed all claims of error by plaintiff and having found no merit therein, we hereby affirm the judgment of the trial court.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.