In this negligence suit arising out of an automobile accident, the jury returned a verdict in favor of the plaintiffs, Walter and Rosalie Gaines, and defendant cross-claimant, H.D. Edgar, and against defendant Willis H. Baker and counterclaim intervenor Margaret Baker. The trial court entered judgment on that verdict and denied the Bakers' motion for new trial. Mr. and Mrs. Baker appeal, claiming the trial court erred in refusing to allow the Bakers' expert witness, Charles N. White, to state his opinion as to the point of impact of the vehicles involved in the accident.
The accident, the basis for this suit, occurred on 2 September 1982 on U.S. Highway 331 in Covington County, Alabama. At the time of the accident, Baker was traveling north on U.S. 331. His truck was followed by an automobile driven by an Episcopal priest, the Reverend Sam Westbrook. Both Baker and Westbrook testified that Baker was in his proper lane when the initial impact occurred. Westbrook testified that he could not see the point of impact, but stated he had seen Edgar's vehicle weaving across the center line just prior to the accident. Baker testified the Edgar vehicle drifted slightly over into the northbound lane, causing the collision.
H.D. Edgar was traveling south on Highway 331, followed by his employee, Walter Gaines. Edgar and Gaines both testified that Baker swerved into the southbound lane, causing the collision. The primary issue at trial was the location of the point of impact.
Mr. and Mrs. Baker called as their witness Charles N. White, Sr. It was not disputed that White was an expert in the field of accident investigation and reconstruction. Mr. White had served as a district supervisor for the Florida State Highway Patrol where he had extensive training in both investigation and reconstruction of motor vehicle accidents and where he instructed troopers in both investigation and reconstruction. White served as a traffic accident investigation and reconstruction instructor for Gulf Coast Community College. He instructed agents of the Transport Investigation Company in these areas. White had completed four or five hundred accident reconstructions, from the standpoint of total reconstruction, to time of trial. He devoted 50% of his time to accident investigation and reconstruction and had testified in both state and federal courts as an expert in accident investigation and reconstruction.
White's investigation of the subject accident was made at the request of Transport Investigation Company and was conducted five days after the accident. White investigated the scene, made measurements of the physical evidence at the scene, confirmed depiction of the scene and physical markings with the investigating trooper, made a field sketch of the scene and the physical evidence thereat, and inspected the vehicles involved in the accident. White also reviewed all the photographs made exhibits at the trial.
Baker attempted to develop testimony from White as to the point of impact in the highway between the Baker and Edgar vehicle. Counsel for Edgar made a specific objection that the point of impact was for the jury to decide; counsel contended that before expert testimony is admissible, it should appear that the jurors themselves are incapable for want of knowledge or experience of the subject matter of drawing correct conclusions from the facts *Page 970 
proved and that admission of such evidence would constitute an invasion of the province of the jury. The trial court sustained Edgar's objection.
A more complete statement of the rule in Alabama concerning the admissibility of expert testimony as to the point of impact was given in Sharp v. Argo-Collier Truck Lines Corp.,356 So.2d 147 at 149 (Ala. 1978): "the admissibility of the substance of [an expert's] opinion testimony is governed by the rule that opinion testimony as to the location of the point of impact of a collision is proper where the witness first details the facts upon which his conclusion is based."
It is well settled that any challenge to the facts upon which an expert bases his opinion goes to the weight, rather than the admissibility, of the evidence. Dyer v. Traeger, 357 So.2d 328,330 (Ala. 1978).
Our careful review of the record in this case reveals that the opinions of trained experts as to the point of impact of the automobiles involved in the subject collision would have been of great assistance to members of the jury. The three eyewitnesses to the impact were interested parties and the factual evidence was susceptible to various interpretations.
We conclude, therefore, that White's testimony as to the point of impact, when offered subsequent to his detailing the facts on which that testimony was based, should have been admitted. Considering the totality of the record, that error was prejudicial to Willis and Margaret Baker. For the above stated reasons, the judgment of the trial court is due to be reversed and this cause remanded to that court for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER and ADAMS, JJ., concur.
ALMON, J., concurs in the result.