The appellant, Keith Allan Holland, was charged with three counts of murder and one count of assault in the first degree. He was convicted of three counts of manslaughter, a violation of § 13A-6-3, Code of Alabama *Page 548 
1975, and one count of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. The charges against the appellant in this case arose out of an automobile collision in Houston County on June 13, 1993.
 I
The appellant contends that the court erred in not permitting one of his witnesses to testify as an expert in the field of accident reconstruction. The court did, however, allow state's witness Alabama State Trooper Barry Tucker to give his opinion as to the point of impact of the two vehicles involved in the collision. The court also permitted Alabama State Trooper Bruce James Turner to testify, on rebuttal, as an expert in accident reconstruction.
We begin our analysis with § 12-21-160, Code of Alabama 1975, which states:
 "The opinions of experts on any question of science, skill, trade or like questions are always admissible, and such opinions may be given on the facts as proved by other witnesses."
The question then becomes what makes a witness an expert. This court in Bailey v. State, 574 So.2d 1001, 1002-03
(Ala.Cr.App. 1990), stated the following:
 "The criterion for admission of expert testimony is that the witness, by study, practice, experience, or observation as to a particular subject should have acquired knowledge beyond that of an ordinary witness; an expert witness is one who can enlighten the jury more than the average man on the street, one whose knowledge extends beyond or supersedes that of an ordinary witness, or one who is shown, either by training or experience, to be better informed than a hypothetical average juror. Charles v. State, 350 So.2d 730 (Ala.Cr.App. 1977); C. Gamble, McElroy's Alabama Evidence § 127.01(5) (3d ed. 1977)."
This court in Fleming v. State, 470 So.2d 1343, 1347
(Ala.Cr.App. 1985), cert. denied, 474 U.S. 857, 106 S.Ct. 164,88 L.Ed.2d 136 (1985), stated:
 " '[I]f a witness' knowledge extends beyond or supersedes that of an ordinary witness, as determined by the trial judge, the witness can become an expert.' Smoot v. State, 381 So.2d 668
(Ala.Crim.App. 1980); Gullatt v. State, 409 So.2d 466 (Ala.Crim.App. 1981)."
We also stated in Smoot v. State, 520 So.2d 182, 189
(Ala.Cr.App. 1987):
 "An expert witness is anyone whose opportunity or means of knowledge in a specialized art or science is better than that of the average juror or witness. Charles v. State, 350 So.2d 730
(Ala.Cr.App. 1977). Furthermore, any objection to an expert witness on the ground that he or she lacks knowledge goes to the weight rather than to the admissibility of his or her testimony. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), cert. quashed, 378 So.2d 1173 (Ala. 1979)."
Defense counsel offered George Wilson Durr II as a witness with expertise in the field of accident reconstruction. Mr. Durr testified that he works with Green Enterprises, Inc. where he teaches accident investigation, risk and safety management, how to develop safety programs, and occupational safety programs. Durr said that he had attended the Traffic Institute at Northwestern University where he had formal training in accident investigation and accident reconstruction. He also attended the United States Army Accident Investigation Program. Durr testified that while he was in the army he served as an accident investigator. He investigated "accidents involving military vehicles on range or other operations around the country and also aviation accidents." While in the army, Durr had reviewed approximately 300 accidents as an accident investigator and approximately 25 as an accident reconstructionist. He had also written an accident investigation handbook used in teaching Army and Navy safety programs. Durr said that he had never testified as an expert on accident reconstruction in any prior proceedings. The court ruled that Mr. Durr could not testify as an expert witness.
Although the court did not allow Durr to testify as an expert, the court did allow *Page 549 
Trooper Turner to testify as an expert in accident reconstruction. Trooper Turner testified that he had been a state trooper for 14 years and that he was the state coordinator for the Highway Patrol Traffic Homicide Unit. Turner said that he had attended classes in accident investigation and that he had been trained in accident reconstruction at the Institute of Police Technology and Management's reconstruction school. He had also attended classes in advanced accident reconstruction. Trooper Turner testified that he also teaches classes in accident investigation at the Alabama State Trooper Academy and that he teaches classes throughout the country as an adjunct faculty member for the Institute of Police Technology and Management. Trooper Turner testified that he has reconstructed approximately 30 to 40 accidents and had previously testified as an expert.
The standard this court uses to review a lower court's ruling on whether a witness was qualified to testify as an expert was articulated by the Alabama Supreme Court in Sharp v.Argo-Collier Truck Lines Corp., 356 So.2d 147 (Ala. 1978). The court stated:
 "It is well established in this state that the question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose discretion will not be disturbed on appeal except for palpable abuse. Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974)."
356 So.2d at 149. See also Smoot, supra; Reynolds v. State,346 So.2d 979, 982 (Ala.Cr.App.), cert. denied, 346 So.2d 986
(Ala. 1977); Luckie v. State, 55 Ala. App. 642, 318 So.2d 337
(Civ.), cert. denied, 294 Ala. 764, 318 So.2d 341 (1975); Cobbv. State, 50 Ala. App. 707, 282 So.2d 327 (1973).
However, the trial court's discretion is not unlimited. As the Alabama Supreme Court further stated in Sharp: "This discretion of the trial court is limited . . . to weighing the qualifications of [a witness] to testify as an expert witness. . . ." 356 So.2d at 149.
Both the state's expert witness and the witness offered by the defense as an expert appeared to have considerable expertise in the area of accident investigation and reconstruction. Although Mr. Durr had not previously testified as an expert in a court proceeding, one whose credentials indicate a degree of knowledge and skill above an average person should not be prevented from testifying as an expert because he has not heretofore been a professional witness. For every person who is qualified to offer expert opinion testimony, there must be a first time. If we hold that the court did not abuse its discretion in not allowing Mr. Durr to testify as an expert we would be compelled to hold that the court abused its discretion in allowing Trooper Turner to testify as an expert. From the credentials summarized above it appears that both Durr and Turner were equally qualified in the field of accident reconstruction.
Based on the record before us and the court's rulings as to both witnesses, we must hold that the court abused its discretion in holding that Mr. Durr did not present sufficient credentials to qualify as an expert in accident reconstruction.Jordan v. State, 607 So.2d 333 (Ala.Cr.App. 1992); Griffin v.Gregory, 355 So.2d 691 (Ala. 1978). The court, in denying the appellant the opportunity to present Mr. Durr's testimony, denied the appellant his Fifth Amendment right to due process of the law. See Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1995).
The remaining issues raised by the appellant in his brief to this court present a number of difficult and close issues which give us some concern and which we will not address because the facts creating those issues may not occur on retrial. As set forth in the trial transcript of record, it appears from a dialogue between the police and the appellant, who was in the hospital on an X-ray table at the time police advised him of his Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), rights, that the appellant's answers were incoherent. We have very serious doubts about the appellant's ability at that time to knowingly and voluntarily waive his rights when advised of his Miranda protections.
For the reason stated above, the judgment must be, and it is hereby, reversed and the *Page 550 
cause remanded to the Circuit Court for Houston County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.