BOLIN, Justice.
 

 Stacey McKenzie petitions this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying her motion to transfer to the Monroe Circuit Court an action filed against her by Tracey Booker. We grant the petition and issue the writ.
 

 Facts and Procedural Background
 

 The underlying action arises out of a motor-vehicle accident that occurred on July 16, 2006, between an automobile being driven by Booker and an automobile being driven by McKenzie. The accident occurred on Alabama Highway 47. State Trooper Pedro Dacosta investigated the accident.
 

 On July 14, 2008, Booker sued McKenzie in the Wilcox Circuit Court, alleging that the accident occurred in Wilcox County. In her complaint, Booker stated that she resided in Conecuh County. In her initial responsive pleading, McKenzie, a resident of Monroe County, asserted, among other things, the defense of improper venue.
 

 On November 20, 2008, McKenzie filed a motion for a change of venue on the grounds that venue in Wilcox County was improper and that the action should be transferred to Monroe County where, she said, the accident occurred and where McKenzie resides and, in the alternative, that the action was due to be transferred to Monroe County on the grounds
 
 of forum non conveniens.
 
 In support of her motion, McKenzie attached the complaint, which stated that Booker resided in Cone-cuh County and that McKenzie resided in Monroe County; an affidavit from Officer Dacosta, who stated that he was the officer who investigated the accident and that the accident occurred in Monroe County; the report Officer Dacosta completed following the accident, which indicates that the accident occurred in Monroe County; and a portion of Booker’s deposition testimony in which she stated that she resided in Evergreen, Alabama, which is located in Cone-cuh County. On November 25, 2009, the trial court set the motion for a change of venue for a hearing on January 26, 2009.
 

 On January 26, 2009, Booker filed a response in opposition to the motion to transfer. She argued that Officer Dacos-ta’s affidavit was not based on personal knowledge because he “did not personally witness any aspects of the accident,” and she also argued that Officer Dacosta’s accident report should be stricken as inadmissible evidence. In support of her response, Booker attached an affidavit in which she stated that she had recently visited the scene of the accident and that she “believes” the accident occurred in Wilcox County. Booker’s affidavit also stated that she is a resident of Monroe County.
 

 On February 24, 2009, the trial court denied McKenzie’s motion for a change of venue. On April 7, 2009, McKenzie filed her petition for the writ of mandamus with this Court. On June 24, 2009, McKenzie filed in the trial court a motion to stay the proceedings and to continue the date set for trial pending this Court’s ruling on her petition. The trial court granted the motion to stay.
 

 Standard of Review
 

 In
 
 Ex parte Kane,
 
 989 So.2d 509, 511 (Ala.2008), we stated the standard of review for the denial of a motion for a change of venue as follows:
 

 
 *131
 
 “ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’
 
 Ex parte National Sec. Ins. Co.,
 
 727 So.2d 788, 789 (Ala.1998). A writ of mandamus is appropriate when the petitioner can demonstrate ‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’
 
 Ex parte BOC Group, Inc.,
 
 823 So.2d 1270, 1272 (Ala.2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of
 
 forum non conveniens
 
 by asking whether the trial court exceeded its discretion.
 
 Ex parte Fuller,
 
 955 So.2d 414 (Ala.2006);
 
 Ex parte Verbena United Methodist Church,
 
 953 So.2d 395 (Ala.2006). Our review is limited to only those facts that were before the trial court.
 
 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002).”
 

 “ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ ”
 
 Ex parte Pike Fabrication, Inc.,
 
 859 So.2d 1089, 1091 (Ala.2002)(quoting
 
 Ex parte Finance America Corp.,
 
 507 So.2d 458, 460 (Ala.1987)).
 

 Analysis
 

 Venue of actions against individuals is governed by § 6-3-2, Ala.Code 1975. McKenzie argues that the trial court erred in denying her motion for a change of venue when it was undisputed that McKenzie is not a resident of Wilcox County, when the evidence shows that the accident did not occur in Wilcox County, and when the only connection the action has to Wilcox County is based on the averment in the complaint and the unsubstantiated affidavit of Booker stating that she “believes” that the accident occurred in Wilcox County.
 
 [1]
 
 See § 6-3-2(a)(3), Ala. Code 1975. McKenzie further argues that the trial court erroneously denied the motion for a change of venue on the alternative ground
 
 oí forum non conveniens,
 
 § 6-3-21.1, Ala.Code 1975, because, she says, the trial court was required to transfer the action to Monroe County based on the convenience of the parties and in the interest of justice.
 

 Section 6-3-2(a)(3) provides that venue in civil actions of a legal nature (as opposed to an equitable nature) against individuals is proper either in the county where the defendant resides or the county where the act or omission complained of occurred. It is undisputed that McKenzie resides in Monroe County. The factual issue raised by McKenzie’s motion for a change of venue is where the accident occurred.
 

 
 *132
 
 Booker filed her complaint in Wilcox County. In response to the complaint, McKenzie raised the issue of improper venue. In support of her motion for a change of venue, McKenzie attached Officer Dacosta’s accident report, establishing that the accident occurred in Monroe County. McKenzie also attached an affidavit from Officer Dacosta, which provided as follows:
 

 “On July 16, 2006, I was employed as a state trooper by the Alabama Department of Public Safety. On said date I investigated the scene of a motor vehicle accident on Highway 47 outside of Mon-roeville. I have reviewed the accident report, which I prepared regarding the accident. I recall identifying the drivers of the two vehicles involved as Mrs. Stacey McKenzie and Mrs. Tracey Booker. Based on my recollection of the accident scene on said date, the accident involving Mrs. Booker and Mrs. McKenzie occurred in Monroe County, Alabama. The accident did not occur in Wilcox County, Alabama.”
 

 In response to the motion for a change of venue, Booker argued that Officer Dacosta’s affidavit was not based on personal knowledge because, she said, “he did not personally witness any aspects of the accident.” There is no need for Officer Dacosta to have witnessed the accident to be able to testify as to the location of the accident for purposes of the motion for a change of venue. Alabama courts have long held that an officer investigating an automobile accident may testify to facts derived from the officer’s personal observation of the scene of the accident, even if the officer did not personally witness the accident. See, e.g.,
 
 Brown v. AAA Wood Prods., Inc.,
 
 380 So.2d 784 (Ala.1980) (allowing first officer arriving on the scene to testify regarding the location of the point of impact of the car collision);
 
 Sharp v. Argo-Collier Truck Lines Corp.,
 
 356 So.2d 147 (Ala.1978) (allowing patrol officer to testify as to point of impact where officer observed the locations of tire tracks and gouge marks in the pavement of highway, the condition of both vehicles, and the location of diesel fuel and under-carriage of both vehicles);
 
 Griffin v. Gregory,
 
 355 So.2d 691 (Ala.1978) (allowing patrol officer to testify as to point of impact based on his personal observations); and
 
 Belew v. Nelson,
 
 932 So.2d 110 (Ala.Civ.App.2005) (allowing patrol officer to testify as to his conclusion regarding what happened in the automobile accident based on the skid and yaw marks each vehicle left on the pavement, the damage to the vehicles, and the final resting place of the vehicles).
 

 In response to the motion for a change of venue, Booker also argued that Officer Dacosta’s accident report was inadmissible. It is correct that a report by a law-enforcement officer concerning an automobile accident investigated by the officer is inadmissible evidence under § 32-10-11, Ala.Code 1975, and that this is so because the report contains hearsay.
 
 Reeves v. King,
 
 534 So.2d 1107 (Ala.1988);
 
 Vest v. Gay,
 
 275 Ala. 286, 154 So.2d 297 (1963). In
 
 Worsham v. Fletcher,
 
 454 So.2d 946 (Ala.1984), the plaintiff argued that the police officer’s accident report was admissible under an exception to the hearsay rule. This Court explained:
 

 “In the case at bar, the officer testified that at the time the writing was made he knew that the contents of the writing were true and correct and that he had no recollection at the time of trial of the events related in the report.
 
 The reason the report was inadmissible in this case was that the officer did not personally observe all of the events described in the report. That information in the report which was based on the officer’s own observations was admissi
 
 
 *133
 

 ble. The date of the report, the drawing depicting the positions of the vehicles at the time the officer observed them, the description of the intersection, and the description of the weather conditions were all things which the officer saw. Those portions of the report could have been admitted. In fact, the officer was allowed to testify without objection to those facts. The objections were made to those portions of the report which were based, in part, on the events which transpired before the officer arrived on the scene. The defendant properly objected to the portion of the report describing the accident. That description was based on what other people told the officer, not on what he saw.
 
 The report did not indicate that the statements made to the officer were attributable to the defendant. The defendant also objected to questioning as to the ‘contributing circumstances’ entry on the report. It indicated that there was no improper driving on the plaintiffs part and that the defendant was inattentive and following too closely. Again, those were not observations made by the officer. The plaintiff never argued that the officer was an expert who could testify to such opinions based on what he saw.”
 

 454 So.2d at 948 (emphasis added). In the present case, Officer Dacosta’s report contained his observations regarding the location of the accident, and the report was submitted solely for the purpose of proving where the accident occurred. Accordingly, the report can be used to support the motion for a change of venue.
 

 As the movant, McKenzie had the burden of proving that venue in Wilcox County was improper. Once McKenzie made a prima facie showing that venue in Wilcox County was improper, the burden then shifted to Booker to rebut the prima facie showing. See
 
 Ex parte Pike Fabrication,
 
 859 So.2d at 1092. Accordingly, once McKenzie made a prima facie showing that she resided in Monroe County and that the accident occurred in Monroe County, the burden then shifted to Booker to prove that the accident occurred in Wilcox County. She failed to do so because her affidavit, even assuming that it was properly considered by the trial court, offered only a conclusory statement that she “believed” that the accident occurred in Wilcox County. She offered no evidence to support that statement.
 

 Conclusion
 

 If venue for an action is show to be improper, the action must be transferred.
 
 Ex parte Overstreet,
 
 748 So.2d 194 (Ala.1999). We hold that, based on the evidence before the trial court at the time of its ruling, the court should have granted McKenzie’s motion for a change of venue, and we direct the trial court to vacate its order denying the motion and to transfer the action to Monroe County. Because under § 6-3-2, Ala.Code 1975, venue was improper in Wilcox County, we pretermit discussion of McKenzie’s alternative argument that the case should be transferred based on § 6-3-21.1, Ala.Code 1975, the
 
 forum non conveniens
 
 statute.
 

 PETITION GRANTED; WRIT ISSUED.
 

 LYONS, WOODALL, STUART, SMITH, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 COBB, C.J., recuses herself.
 

 [1]
 

 . McKenzie complains that Booker’s affidavit was untimely under Rule 6(d), Ala. R. Civ. P., which provides that “opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.” It is unclear from McKenzie’s petition and attachments whether the trial court held the scheduled . hearing, whether McKenzie objected to the filing of the affidavit, or whether the trial court allowed the affidavit or considered the affidavit. "With respect to the timeliness of the plaintiffs’ filings, we note that Rule 6(d), Ala. R. Civ. P., vests discretion in the trial court concerning the acceptance of the filings, and this discretion has often been recognized in case authority.”
 
 Vesta Fire Ins. Co. v. Milam & Co. Constr.,
 
 901 So.2d 84, 106 (Ala.2004). We will presume that the trial court considered Booker’s affidavit because nothing in the petition or attachments indicates that the trial court excluded the affidavit. See
 
 Singleton v. Alabama Dep’t of Corr.,
 
 819 So.2d 596, 598 n. 1 (Ala.2001).