MOORE, Chief Justice
(concurring specially).
I write specially to address a potential alternative ground for affirming the trial court’s order — the applicability to this case of § 32-10-11, Ala.Code 1975, the accident-report-confidentiality statute. Although neither party cited this statute in its briefs, “[t]his Court may affirm the judgment of the trial court upon any valid legal ground even if that ground was not argued before or considered by ... the trial court,” Ex parte Jones, 147 So.3d 415, 419 (Ala.2013), so long as certain due-process constraints are observed. Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala.2003).
Section 32-10-11 states, in pertinent part:
“All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the director or of other state agencies having use for the records for accident prevention purposes.... No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident....”
(Emphasis added.) Alabama appellate courts have interpreted § 32-10-11 to apply to accident reports prepared by police officers. See Ex parte McKenzie, 37 So.3d 128, 132 (Ala.2009) (stating that “a report by a law-enforcement officer concerning an automobile accident investigated by the officer is inadmissible evidence under § 32-10-11, Ala.Code 1975”); Mainor v. Hayneville Tel. Co., 715 So.2d 800, 801 (Ala.Civ.App.1997) (stating that § 32-10-11 “provides that police accident reports are inadmissible in any civil or criminal trial arising out of an accident”); and Pike Taxi Co. v. Patterson, 258 Ala. 508, 510, 63 So.2d 599, 601-02 (1952) (quoting the predecessor statute to § 32-10-11 as authority for upholding a trial court’s exclusion from evidence of a police accident report).
If the interpretation of § 32-10-11 set out in the aforementioned cases were correct, we could have upheld the trial court’s exclusion from evidence of Officer Cartier’s accident report on that authority alone. However, McKenzie, Mainor, and Pike Taxi misread the statute. The first sentence of § 32-10-11 begins: “All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual.... ” (Emphasis added.) The accident report at issue in this case was made neither by a garage nor by the persons involved in the accident, namely Dorothy Crusoe, Erica Boyd, and Juanita Davis. The legislature did not include accident reports prepared by police officers in the prohibitory language of § 32-10-11.[4] “We cannot read into the *1208 statute a provision which the legislature did not include.” Ex parte Jones, 444 So.2d 888, 890 (Ala.1983).[5] Because evi-dentiary privileges are in derogation of the truth-seeking function of the courts, such privileges are narrowly construed. See United States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (stating that “exceptions to the demand for every man’s evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth”). Accordingly, “[t]he words of the particular statute therefore must be closely examined with awareness that the courts are reluctant to find a privilege where not required by the language and the subject matter to do so.” 8 Wigmore, Evidence § 2377 (McNaughton rev.1961). Both the general principles of statutory construction and the requirement that privileges be construed narrowly counsel against reading into § 32-10-11 an evidentiary exclusion the statute does not contain.
In contrast to this Court’s past error in reading into § 32-10-11 an evidentiary privilege for accident reports prepared by investigating police officers, the Alabama Attorney General has twice noted the limited scope of § 32-10-11. When asked in 1979 if police accident reports were public records that could be examined free of charge, the Attorney General responded:
“I am not aware of any statute which revokes a citizen’s right to inspect a traffic accident report made by a police officer. Please note that this ruling does not apply to accident reports made by persons involved in accidents or by garages, inasmuch as those reports are limited to confidential use under Section 32-10-11, Code of Alabama 1975.”
Ala. Op. Atty. Gen. No. 1979-173 (April 26, 1979). When asked a similar question in 2012, the Attorney General responded with the same explanation:
“Section 32-10-11 specifically makes reports that are completed by individuals involved in the accident or by garages confidential. Accordingly, reports, like the Uniform Traffic Accident Report, that are completed by law enforcement officers would remain a matter of public record, and, thus, available to the public for inspection and copying.”
Ala. Op. Atty. Gen. No. 2012-45 (March 13, 2012). In both of these opinions the Attorney General explained that § 32-10-11 applies only to reports submitted by garages or by individuals involved in accidents. Despite the contrary interpretation in McKenzie, Mainor, and Pike Taxi, the actual language of § 32-10-11 must control. “We will not read into a statute what the Legislature has not written.” Elmore Cnty. Comm’n v. Smith, 786 So.2d 449, 455 (Ala.2000).
Accordingly, § 32-10-11, as correctly interpreted, would not of itself require the exclusion from evidence of the accident report prepared by Officer Cartier. Therefore, in my view, § 32-10-11, even if cited by the parties, would not have been *1209 available as an alternative ground for affir-mance.

. If reports prepared by those involved in an accident were admissible as evidence, the *1208 makers of those reports might be inhibited from reporting accurately. As an investigator of the acts of others, a police officer is not exposed to civil or criminal liability for the acts the officer is reporting. Professor Wig-more explains: "[Wlhere the Government needs information for the conduct of its functions, and the persons possessing the information need the encouragement of anonymity in order to be induced to make full disclosure, the protection of a privilege should be accorded.” 8 Wigmore, Evidence § 2377 (McNaughton rev.1961).

. Compare, for instance, the parallel Tennessee statute, which begins: "All accident reports made by any person or by garages shall be without prejudice to the individual so reporting. ...” Tenn.Code Ann. § 55-10-114(a).